**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EVELENA N. MORILLO,**
                  Plaintiff,

-vs-                                            Case No. 6:08-cv-412-Orl-19DAB

**GERARDO VIZCARRONDO, DVM, P.A.,**
**d/b/a Broadway Animal Hospital,**
**GERARDO VIZCARRONDO,**
                  Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION FOR ENTRY OF JUDGMENT IN ACCORDANCE WITH OFFER OF JUDGMENT (Doc. No. 19)**
>
> **FILED:**   **June 3, 2008**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This is an action under the Fair Labor Standards Act ("FLSA"). The parties represent that they have settled this matter by Plaintiff's acceptance of Defendants' offer of judgment. The District Judge referred the matter to the United States Magistrate for a recommendation as to the fairness of the settlement (Doc. No. 20).

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Although the Court usually convenes a fairness hearing, here, all relevant terms of the settlement are undisputed and set forth clearly in the motion and the Stipulation (Doc. No. 22). The papers state that, although liability is not conceded, Defendants have offered Plaintiff "100%" of her claimed damages ($102.00 for unpaid wages, an equal amount as liquidated damages, and $3,296.00 for attorney's fees and costs). As Plaintiff will receive full compensation for her claim, without compromise, no hearing is needed. Full recompense is *per se* fair and reasonable.

As for the amount of attorney's fees, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). As the mandatory language of the Act says "in addition to any judgment," a prevailing plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the recovery. Here, the parties have stipulated that the amount of $3,296.00 is reasonable, and the Court concurs.

It is therefore **respectfully recommended** that the motion be **granted,** with judgment entered accordingly.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 16, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy